**JOHN WOOD COMPANY, Plaintiff, Counter-Defendant,**

v.

**METAL COATING CORPORATION, Defendant, Counter-Plaintiff.**

**No. 62 C 1424.**

United States District Court
N. D. Illinois, E. D.
Jan. 29, 1965.

Bair, Freeman & Molinare, Chicago, Ill., for plaintiff.

Norman M. Shapiro, Merriam, Smith & Marshall, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

Motion of plaintiff for summary judgment on counterclaim.

This civil action, brought by a Delaware Corporation, seeks judgment declaring a certain U. S. Patent, No. 3,030,891, to be invalid and/or not infringed by plaintiff. Defendant has filed a counterclaim charging plaintiff with infringement thereof.

Plaintiff has moved for summary judgment, asserting that no material issues remain contested, and that plaintiff is entitled to judgment under Rule 56 of the Federal Rules of Civil Procedure as a matter of law.

U. S. Patent No. 3,030,891, at issue, relates to a hydropneumatic water tank containing a polystyrene air water float, Such tanks are intended to supply pressure necessary for delivery of water to outlets as faucets, water closets, etc. The pressure in said tanks is supplied by the air present in the container being compressed upward as new water is pumped in. When water is withdrawn from the system, the air, compressed at top, expands, pushing out the liquid. Because

air can be dissolved in water, the loss of air head pressure could easily occur. Prior to the invention at issue, such dissolution required frequent recharging of the air head. Mechanical devices utilized to retain the desired pressure required frequent maintenance as a result of corrosion and malfunctioning of moving parts.

Patent 3,030,891 was issued to cover a hydropneumatic system wherein a disc-shaped floating air seal is employed to separate the air from the water so as to substantially prevent absorption, and thus maintain over a period of many years the proper air pressure.

See Figure 1, page 4 of defendant's brief for a graphic illustration of same.

Plaintiff asserts that its float assembly does not infringe defendant's patent claims 11–20, as a matter of law, because its float does not contain a flanged peripheral edge, air and water permeable holes, or means for coaction between disc and tank, all three being structural limitations provided for in the claims of the patent at issue.

■ Patent infringement is rarely a proper subject for summary procedure. The elements involved are complex, necessitating a good deal of explanation. A lay court is not properly suited to act without the benefit of expert testimony in most instances, and should apply the summary judgment remedy in only the clearest of cases.

■ Defendant has asserted the doctrine of equivalents as a defense to this motion. That is, it is defendant's contention that even though plaintiff may not have copied every detail of the patented invention, there is sufficient identity between the two devices to sustain an infringement claim. The Fourth Circuit Court of Appeals stated in City of Grafton, W. Va. et al. v. Otis Electric Co. (4th Cir., 1948) 166 F.2d 816,

"Rarely do we find an example of what might be called perfect infringement. No patent infringer would be so silly as to make and vend

a device similar in every minute detail to a patent. Infringement connotes, between the patent and the accused device, merely correspondence as to the substantial, dominant and essential elements. Any other view would make of a patent a foolish and fatuous thing."

Further, in Apex Electrical Mfg. Co. v. Maytag Co. (7th Cir., 1941) 122 F.2d 182, 187, it was observed:

"Patents are not limited to the structure described and shown, but the invention may be embodied in various forms."

The test of infringement under the "doctrine of equivalents" is whether the accused device does substantially the same work in substantially the same way, and accomplishes the same result. Nordberg Mfg. Co. v. Woolery Machine Co. (7th Cir.) 79 F.2d 685, 692.

Turning to the specific allegations, defendant asserts that the purpose and function of the flanged peripheral edge is attained by plaintiff's float. In addition, defendant contends that said competing float literally has such a flanged peripheral edge.

Similarly, while defendant admits that plaintiff's float does not possess actual air and water permeable holes, it argues that the structure thereof provides the functional equivalent of these holes in such a manner as to produce the same result. More specifically, it is asserted that the purpose of the holes in the patented device is to permit any water which accumulates on the top of the disc to run off, so that it does not collect on one side and cause the disc to tip. Defendant contends that in plaintiff's disc, the stability function is provided by a series of baffled chambers or recesses, which retard the free movement of water, a structure equivalent to the aforementioned drain holes.

Finally, defendant asserts that plaintiff's tank assembly possesses means for coaction between the disc and tank at the upper portion thereof to prevent the disc

from becoming permanently damaged at the top of the tank should the water level rise sharply. That is, a primary feature of defendant's patent is a device which enables water to pass from below to above the float when said float is raised to the upper portion of the tank. This prevents the float from crushing in the event there is a leak in the air dome which permits the air to escape and the water level to rise. Defendant asserts that plaintiff's tank and float possess a similar protective device. Plaintiff has submitted the affidavit of a plant manager, Charles Woollen, averring that plaintiff's floats are not so protected, and would be deformed by an air leak and accordant water level rise.

We do not go so far as to hold that similarity of results achieved is sufficient to satisfy a doctrine of equivalents defense. Rather, as stated in Nordberg, supra, the similarity of the means to that end is an essential consideration as well. Such a determination, however, requires an investigation of fact. We are unable to evaluate the substance of an "equivalent" device without a knowledge of the prior art, and, indeed, of the present industry. See Graver Tank & Manufacturing Co., Inc. et al. v. Linde Air Prods. Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097.

Defendant has raised substantial factual questions which are best determined at a full dress trial. Whether plaintiff's devices perform a service in a manner equivalent to defendant's tank and float cannot properly be determined in a summary manner. As stated in Hazeltine Research Inc. v. Admiral Corp. (7th Cir., 1950) 183 F.2d 953, 955,

> "Thus, there is no room longer to doubt that the issues most prevalent in patent litigation, and particularly those of validity or invalidity, infringement or non-infringement, are issues of fact."

See Armour & Co. v. Wilson & Co., Inc. (7th Cir., 1960) 274 F.2d 143, 152.

Accordingly, the motion for summary judgment on the counterclaim is denied.